Bertram Harnett, J.
It appears from the papers submitted on this application and from the oral argument of counsel that, under some connection between the Christ Episcopal Church of Manhasset and the Long Island Jewish Medical Center, a “ drug rehabilitation center ” is being operated on the church-owned property in Manhasset. Neither the church nor the Medical Center is a party to this proceeding, although the court was informed during oral argument that another action has been *4 instituted against them by the petitioners here and a motion in that action is returnable before this court on December 16,1970.
Petitioners, residents of the Manhasset area of North Hemp-stead, have instituted this particular proceeding pursuant to article 78 of the CPLR to compel the North Hempstead Board of Zoning and Appeals (hereinafter ‘ ‘ Board ”) to require Christ Episcopal Church and Long Island Jewish Hospital to submit to it an application for a variance or special use permit for the ‘ ‘ drug rehabilitation center ’ ’ and to cease the use of the property for that purpose until then.
In addition, they seek an order annulling the legal opinion of the Town Attorney to the Supervisor of the Town of North Hempstead that the disputed use of the church property is a proper one under the town zoning ordinances. Petitioners assert that as a result of this opinion of the Town Attorney, the Board has refused to take any action to restrain the church property use.
Petitioners are not entitled to the relief they seek in this proceeding for the very plain reason that the relief they now seek of the Zoning Board goes beyond the scope of the Board’s powers.
The powers of the Zoning Board are set forth in section 22.1 of the Building Zone Ordinance of the Town of North Hemp-stead, which provides in essence that the Board is to determine applications which seek permits for conditional or special uses where permitted by the zoning ordinance. It is a quasi-judicial board which conducts hearings on matters brought before it. (Lake Mohopac Heights v. Zoning Bd. of Appeals of Town of Carmel, 119 N. Y. S. 2d 809; 2 Rathkopf, Law of Zoning and Planning, ch. 39, § 1.) The Board is vested with no power to enforce compliance with the zoning laws, or to compel the submission of variance applications. Instead, the enforcement power is specifically conferred on the building official by section 24.0 of the Building Zone Ordinance, and the building official is not a party to this proceeding.
In an article 78 proceeding, the question may be raised 6 ‘ whether the [Board] * * * failed to perform a duty enjoined upon it by law ” (CPLR 7803, subd. 1), but that question presumes that the power sought to be exercised does actually belong to the Board.
The branch of the petition which seeks to annul the opinion of the Town Attorney similarly fails to state a cause of action. The Town Attorney is under an obligation to render his legal opinion when requested by the Town Supervisor or the Town Board. Petitioners cannot and do not complain that he fulfilled that obli *5 gation. Bather, they assert that his legal opinion was wrong. However, a legal opinion by a municipal attorney is purely advisory and, right or wrong, it is the opinion of the issuing attorney. (See Beechwood Gun Club v. City of Beacon, 153 Misc. 358, affd. 242 App. Div. 761.) The opinion of the Town Attorney does not bind the Board to take or refrain from taking any action. As was recently noted in a similar situation: “ to hold an independent * * * official with substantial powers # * * bound by all opinions of the Corporation Counsel would, in the opinion of this court, violate judicial precedent [citing cases] and would be unwise as a matter of public policy. It would elevate the Corporation Counsel * * * to a position of supremacy among * * * officials ” (Matter of City of New York [Beame], N. Y. L. J., Dec. 3, 1970, p. 2, col. 5 [Sup. Ct., N. Y. County, Grumet, J.]).
Petitioners having failed to state any cause of action against respondents, this proceeding must be dismissed, without prejudice to any proceeding by petitioners against proper parties to determine the legality or propriety of the disputed use of the church property or, upon proper procedure, to compel the enforcement of the Building Zone Ordinance by public officials having authority to do so.