[973 NE2d 1277, 950 NYS2d 503]

In the Matter of CHINESE STAFF AND WORKERS' ASSOCIATION et al., Appellants, v AMANDA M. BURDEN, as Director of the New York City Department of City Planning, et al., Respondents.

Argued May 30, 2012; decided June 27, 2012

**APPEARANCES OF COUNSEL**

*South Brooklyn Legal Services*, Brooklyn (*Rachel Hannaford* and *John C. Gray* of counsel), for Chinese Staff and Workers' Association, appellant.

*Asian American Legal Defense and Education Fund*, New York City (*Bethany Y. Li* of counsel), for Church of God of Brooklyn and others, appellants.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Elizabeth S. Natrella, Leonard Koerner, Carrie Noteboom* and *Haley Stein* of counsel), for respondents.

*Natural Resources Defense Council, Inc.*, New York City (*Mitchell S. Bernard, Nancy S. Marks* and *John D. Wood* of counsel), for Natural Resources Defense Council and others, amici curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

The subject of this appeal concerns a rezoning proposal for Sunset Park, a predominantly residential neighborhood in Brooklyn. Following public hearings, the Department of City Planning (DCP), the lead agency here, prepared an environmental assessment statement (EAS) and issued a negative declaration, concluding that the proposed rezoning would not have an adverse impact on the environment. Petitioners Chinese Staff and Workers' Association et al. commenced this CPLR article 78 proceeding, seeking to annul the negative declaration on the ground that DCP's environmental review of the proposed rezoning was not in compliance with the New York State Environmental Quality Review Act (SEQRA) (ECL 8-0101 *et seq.*; 6 NYCRR 617.1 *et seq.*) and the City Environmental Quality Review (CEQR) rules (43 RCNY 6-01 *et seq.*; 62 RCNY 5-01 *et seq.*). Supreme Court denied the petition to annul DCP's determination and dismissed the proceeding (27 Misc 3d 1219[A], 2010 NY Slip Op 50804[U] [2010]). The Appellate Division, with two Justices dissenting, affirmed (*Matter of Chinese Staff & Workers' Assn. v Burden*, 88 AD3d 425 [1st Dept 2011]). Petitioners appeal as of right pursuant to CPLR 5601 (a).

It is well settled that SEQRA "is a legislative attempt to ensure that state and local agencies consider the environmental impact of their proposed actions" (*Matter of Spitzer v Farrell*, 100 NY2d 186, 190 [2003]). An agency's "initial determination . . . under SEQRA and CEQR is whether an EIS [environmental impact statement] is required, which in turn depends on whether an action may or will not have a significant effect on the environment" (*Chinese Staff & Workers Assn. v City of New*

*York*, 68 NY2d 359, 364 [1986]). "In making its initial determination, the agency will study many of the same concerns that must be assessed in an EIS, including both long- and short-term environmental effects" (*Farrell*, 100 NY2d at 190). Where an agency determines that an EIS is not required, it will issue a "negative declaration" (*id.*). "Although the threshold triggering an EIS is relatively low, a negative declaration is properly issued when the agency has made a thorough investigation of the problems involved and reasonably exercised its discretion" (*id.* [internal quotation marks and brackets omitted]).

"Judicial review of a lead agency's SEQRA determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination 'was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (*Akpan v Koch*, 75 NY2d 561, 570 [1990], quoting CPLR 7803 [3]). "In assessing an agency's compliance with the substantive mandates of the statute, the courts must 'review the record to determine whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (*id.*, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]).

Applying this standard here, we conclude that the DCP neither abused its discretion nor was arbitrary or capricious when it issued a negative declaration determining that the proposed rezoning in this case would have no significant adverse effect on the environment. In its EAS, DCP identified the relevant areas of environmental concern, took a hard look at them and made a reasoned elaboration of the basis for its determination.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.