■ WESTHAMPTON BEACH ASSOCIATES, LLC, Appellant, v INCORPORATED VILLAGE OF WESTHAMPTON BEACH et al., Respondents, et al., Defendants. [56 NYS3d 518]—

In an action, inter alia, for a judgment declaring that section 197-63 (Q) (2) of the Code of the Village of Westhampton Beach is unconstitutionally vague, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hudson, J.), dated January 26, 2015, as granted that branch of the motion of the defendants Incorporated Village of Westhampton Beach and Incorporated Village of Westhampton Beach Board of Trustees which was pursuant to CPLR 3211 (a) (3) to dismiss the cause of action for declaratory relief, and, in effect, denied as academic that branch of the plaintiff's cross motion which was for summary judgment declaring that section 197-63 (Q) (2) of the Code of the Village of Westhampton Beach is unconstitutionally vague.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion of the defendants Incorporated Village of Westhampton Beach and Incorporated Village of Westhampton Beach Board of Trustees which was pursuant to CPLR 3211 (a) (3) to dismiss the cause of action for declaratory relief is denied, that branch

of the plaintiff's cross motion which was for summary judgment declaring that section 197-63 (Q) (2) of the Code of the Village of Westhampton Beach is unconstitutionally vague is denied on the merits, upon searching the record, summary judgment is awarded to the defendants Incorporated Village of Westhampton Beach and Incorporated Village of Westhampton Beach Board of Trustees declaring that section 197-63 (Q) (2) of the Code of the Village of Westhampton Beach is not unconstitutionally vague, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that section 197-63 (Q) (2) of the Code of the Village of Westhampton Beach is not unconstitutionally vague.

In 2006, the plaintiff, which owned a 6.59-acre tract of real property in the Village of Westhampton Beach, submitted an application to the Village Planning Board (hereinafter the Planning Board) seeking site plan approval for the construction of a 39-unit condominium development. On August 14, 2008, the Planning Board adopted a resolution approving the site plan on the condition, inter alia, that the plaintiff pay to the Village a recreation or park fee (hereinafter the Park Fee) pursuant to Village Law § 7-725-a (6) and Code of the Village of Westhampton Beach (hereinafter the Village Code) § 197-63 (Q) (2), "based upon the fair market value of a park area of 63,684 square feet with the amount to be set by the Board of Trustees of the Village." On February 3, 2011, the defendant Village of Westhampton Beach Board of Trustees (hereinafter the Board of Trustees), after an appraisal of the plaintiff's property, adopted a resolution establishing the amount of the Park Fee to be $776,307. In 2012, the plaintiff sold the property to a nonparty.

On May 23, 2014, the plaintiff commenced this action against, among others, the Village and the Board of Trustees (hereinafter together the Village defendants). The first cause of action seeks a declaration that Village Code § 197-63 (Q) (2) is unconstitutionally vague, alleging that it sets forth two conflicting methods for calculating the Park Fee. The Village defendants moved, inter alia, pursuant to CPLR 3211 (a) (3) and (5) to dismiss the cause of action for declaratory relief on the grounds that the plaintiff lacked standing and that it was time-barred. The plaintiff cross-moved, among other things, for summary judgment declaring that Village Code § 197-63 (Q) (2) is unconstitutionally vague. The Supreme Court granted that branch of the Village defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the cause of action for declara-

tory relief for lack of standing and, in effect, denied as academic that branch of the plaintiff's cross motion which was for summary judgment declaring that Village Code § 197-63 (Q) (2) is unconstitutionally vague.

Contrary to the Village defendants' contention, the plaintiff's sale of the property to a nonparty who was responsible for paying the Park Fee did not deprive the plaintiff of standing to challenge the constitutionality of Village Code § 197-63 (Q) (2). "[S]tanding requires an inquiry into whether the litigant has 'an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request' " (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007], quoting *Caprer v Nussbaum*, 36 AD3d 176, 182 [2006]). Thus, to demonstrate standing, a plaintiff must "establish that he or she will actually be harmed by the challenged action, and that the injury is more than conjectural" (*Caprer v Nussbaum*, 36 AD3d at 183; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]).

Here, the subject provision of the Village Code was applied to the property at the time the plaintiff owned it. Although the plaintiff subsequently sold the property before it paid any portion of the Park Fee, a rider to the contract of sale demonstrates that the sale price was reduced by the amount of the Park Fee that the purchaser was required to pay. The rider, which survived closing, provided that if any or all of the Park Fee was waived by the Village or "cease[d] to be in effect" for any reason, the purchaser would pay that amount to the plaintiff. Thus, while "one does not, as a general rule, have standing to assert claims on behalf of another" (*Caprer v Nussbaum*, 36 AD3d at 182), the plaintiff did not attempt to do so here. Rather, the plaintiff demonstrated a sufficient interest in the claim at issue so as to establish standing.

The Village defendants incorrectly argue, as an alternative ground for affirmance, that the cause of action for declaratory relief is barred by the statute of limitations. This cause of action attacks the constitutionality of Village Code § 197-63 (Q) (2), a challenge which is inappropriate for review in a CPLR article 78 proceeding (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202-204 [1987]; *Ames Volkswagen v State Tax Commn.*, 47 NY2d 345, 348 [1979]; *South Liberty Partners, L.P. v Town of Haverstraw*, 82 AD3d 956, 958 [2011]). Thus, contrary to the Village defendants' contention, the residual six-year statute of limitations (*see* CPLR 213 [1]), rather than the four-month limitations period applied to CPLR

article 78 proceedings (*see* CPLR 217 [1]), is applicable to the cause of action for declaratory relief.

"A cause of action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties" (*Zwarycz v Marnia Constr., Inc.*, 102 AD3d 774, 776 [2013]; *see* CPLR 3001; *Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1127 [2009]). Here, the plaintiff challenged, as unconstitutionally vague, the portion of Village Code § 197-63 (Q) (2) that set forth the method for calculating the Park Fee. The subject code provision provides that an applicant shall be required to pay a Park Fee "where the Planning Board determines that a reserved area cannot be properly located within the locus of the site plan" (Village Code § 197-63 [Q] [2]). Thus, the plaintiff became subject to the contested portion of the code provision once the Planning Board determined that a reserved area could not be properly located within the locus of the site plan such that a Park Fee would be required. The Planning Board made that determination in the August 14, 2008, resolution. Therefore, this action, commenced on May 23, 2014, was timely.

The plaintiff cross-moved, inter alia, for summary judgment declaring that Village Code § 197-63 (Q) (2) is unconstitutionally vague. While the Supreme Court, in effect, denied that branch of the cross motion as academic, since the merits of that branch of the cross motion were litigated by the parties in the Supreme Court and fully briefed by the parties in this Court, we address that branch of the cross motion in the interest of judicial economy (*see Bonafede v Bonito*, 145 AD3d 842, 843-844 [2016]; *Wright v Meyers & Spencer, LLP*, 46 AD3d 805 [2007]).

The plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law declaring that Village Code § 197-63 (Q) (2) is unconstitutionally vague. "Due process requires that a statute be sufficiently definite 'so that individuals of ordinary intelligence are not forced to guess at the meaning of statutory terms' " (*Matter of Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235, 256 [2010], quoting *Foss v City of Rochester*, 65 NY2d 247, 253 [1985]).

The challenged provision provides, in relevant part: "In cases where the Planning Board determines that a reserved area cannot be properly located within the locus of the site plan, the applicant shall be required to pay a recreation area or park fee to the Village equal in amount to the fair market value at the time of the application procedure of the land area shown on the site plan that would otherwise be required for a reserved

site . . . . The formula for the fee shall be the appraisal amount at the time of the application of the land area on the application as vacant land divided by the total area shown on the plan in square feet times 2,178 square feet of reserved area per dwelling times the number of dwelling units proposed on the plan" (Village Code § 197-63 [Q] [2]). Contrary to the plaintiff's contention, these two sentences do not set forth competing methods for calculating a Park Fee. Rather, the second sentence sets forth a formula to be used in determining "the fair market value at the time of the application procedure of the land area shown on the site plan that would otherwise be required for a reserved site" (*id.*). Moreover, contrary to the plaintiff's contention, this interpretation is consistent with the Planning Board's August 14, 2008, resolution, determining that the plaintiff was required to pay a Park Fee "based upon the fair market value of a park area of 63,684 square feet with the amount to be set by the Board of Trustees." Again, the formula for computing "the fair market value of a park area of 63,684 square feet" was set forth in the second sentence of the excerpt of Village Code § 197-63 (Q) (2) quoted above, and was applied by the Board of Trustees after their receipt of an appraisal.

Therefore, as a matter of law, the plaintiff was not entitled to a judgment declaring that Village Code § 197-63 (Q) (2) is unconstitutionally vague. For the same reasons, the Village defendants were entitled to a declaration that the subject code provision is not unconstitutionally vague. Accordingly, that branch of the plaintiff's cross motion which was for summary judgment declaring that Village Code § 197-63 (Q) (2) is unconstitutionally vague must be denied, and, upon searching the record (*see* CPLR 3212 [b]), we award summary judgment to the defendants declaring that the subject code provision is not unconstitutionally vague.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that Village Code § 197-63 (Q) (2) is not unconstitutionally vague (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.