Matter of Boyd v Cumbo (2022 NY Slip Op 06240)

Matter of Boyd v Cumbo

2022 NY Slip Op 06240

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09757
2022-08329
 (Index No. 1518/19)

[*1]In the Matter of Alicia Boyd, et al., respondents,
v
Laurie Cumbo, etc., et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Amy McCamphill of counsel), for appellants Laurie Cumbo, Winston R. Von Engle, Marisa Lago, City of New York, Department of City Planning of the City of New York, New York City Planning Commission, and New York City Department of Buildings.
Herrick Feinstein, LLP, New York, NY (Avery S. Mehlman, Jina Moon, and Joshua Herman of counsel), for appellants Carroll Development Plaza, LLC, and Franklin Yards, LLC.
Fox Rothschild, LLP, New York, NY (Karen Binder, Oksana G. Wright, and Philip Langer of counsel), for appellant CP VI Crown Heights, LLC.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Lisa Colosi Florio of counsel), for appellant Cornell Realty Management, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Council of the City of New York, dated December 20, 2018, which approved amendment of the Zoning Map and Zoning Resolution to facilitate the development of two new 16-story buildings on sites located at 40 Crown Street and 931 Carroll Street in the Crown Heights neighborhood of Brooklyn, Laurie Cumbo, Winston R. Von Engle, Marisa Lago, City of New York, Department of City Planning of the City of New York, New York City Planning Commission, and New York City Department of Buildings appeal from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 8, 2020, and CP VI Crown Heights, LLC, Cornell Realty Management, LLC, and Carroll Development Plaza, LLC, and Franklin Yards, LLC, separately appeal from (1) an order of the same court dated February 20, 2020, and (2) the judgment. The order, insofar as appealed from, denied those branches of the separate motions of CP VI Crown Heights, LLC, Cornell Realty Management, LLC, and Carroll Development Plaza, LLC, and Franklin Yards, LLC, which were to dismiss the petition insofar as asserted against each of them. The judgment granted the petition and annulled the determination of the Council of the City of New York dated December 20, 2018.
ORDERED that the appeals from the order are dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the petition is denied, and the [*2]proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
The appeals from the intermediate order must be dismissed, since an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701[b][1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501[a][1]).
Cornell Realty Management, LLC, submitted a land use application and an Environmental Assessment Statement (hereinafter EAS) seeking amendments to the Zoning Map and Zoning Resolution in order to rezone portions of an area in Crown Heights, Brooklyn, so as to develop properties at 40 Crown Street and 931 Carroll Street. The Department of City Planning (hereinafter DCP), the lead agency, determined that the project would not result in potentially significant adverse environmental impacts and issued a negative declaration. After further review and public hearing, on December 20, 2018, the Council of the City of New York (hereinafter the City Council), in effect, approved the application and amended the Zoning Map and the Zoning Resolution accordingly. The petitioners commenced this CPLR article 78 proceeding seeking to review the determination on the ground that DCP's underlying environmental review failed to comply with the requirements of the State Environmental Quality Review Act (SEQRA) (ECL 8-0101 et seq.; see 6 NYCRR 617.1 et seq.) and City Environmental Quality Review (CEQR) rules (43 RCNY 6-01 et seq.; 62 RCNY 5-01 et seq.). In an order dated February 20, 2020, the Supreme Court, inter alia, denied those branches of the separate motions of CP VI Crown Heights, LLC, Cornell Realty Management, LLC, and Carroll Development Plaza, LLC, and Franklin Yards, LLC, which were to dismiss the petition insofar as asserted against each of them. In a judgment dated December 8, 2020, the court, upon concluding that DCP failed to take a hard look at the environmental impacts on water and sewer infrastructure, and thus, that its determination was not rational or supported by the record, granted the petition and annulled the City Council's determination (see Matter of Boyd v Cumbo, 69 Misc 3d 1222[A], 2020 NY Slip Op 51462[U] [Sup Ct, Kings County]). These appeals ensued.
"An agency's initial determination . . . under SEQRA and CEQR is whether an EIS [environmental impact statement] is required, which in turn depends on whether an action may or will not have a significant effect on the environment" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 923 [internal quotation marks omitted]; see Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 364). "Where an agency determines that an EIS is not required, it will issue a 'negative declaration'" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d at 924, quoting Matter of Spitzer v Farrell, 100 NY2d 186, 190). "Although the threshold triggering an EIS is relatively low, a negative declaration is properly issued when the agency has made a thorough investigation of the problems involved and reasonably exercised its discretion" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d at 924 [internal quotation marks omitted]; see Matter of Spitzer v Farrell, 100 NY2d at 190).
Judicial review of a lead agency's SEQRA or CEQR determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination "was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d at 924; Matter of Rimler v City of New York, 172 AD3d 868, 871). "In assessing an agency's compliance with the substantive mandates of the statute, the courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d at 924 [internal quotation marks omitted]; see Akpan v Koch, 75 NY2d 561, 570; Matter of Rimler v City of New York, 172 AD3d at 871).
Applying that standard here, we find that DCP neither abused its discretion nor was arbitrary and capricious when it issued a negative declaration determining that the proposed rezoning would have no significant adverse effect on the environment, since DCP identified the relevant areas of environmental concern requiring study under SEQRA/CEQR, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d at 924; Matter of Rimler v City of New York, 172 AD3d 868, 871).
With regard to water and sewer infrastructure, in evaluating a project's potential to result in a significant adverse impact to the environment, a "preliminary infrastructure analysis" is required only if the project would exceed the "incremental development of . . . 400 residential units or 150,000 sq. ft. of commercial, public facility, and institution and/or community facility space or more in the Bronx, Brooklyn, Staten Island, or Queens" (2014 CEQR Technical Manual, ch 13, § 220, at 13-9). Here, DCP determined that, since the incremental development was less than 400 residential units, there was no potential adverse impact to the environment related to water and sewer infrastructure. That determination was based on comparing a no-action scenario which was based, inter alia, on the number of dwelling units set forth in building plans previously filed for the applicant-owned properties, and a with-action scenario based upon the number of dwelling units as calculated, inter alia, by using a dwelling unit factor of 1,000, which, as set forth in an affidavit of City Planner Kevin Kraft, was the dwelling unit factor typically used to project new development outside of Manhattan.
The Supreme Court determined, in effect, that DCP failed to take a hard look at potential sewer and water impacts based on perceived inconsistencies between the land use applications and EAS, which led the court to conclude that DCP should not have accepted a dwelling unit factor of 1,000 to project future development under the rezoning.
Contrary to the Supreme Court's determination, in accepting projections based on a dwelling unit factor of 1,000, DCP endorsed a reasonable worst case development scenario consistent with the CEQR technical manual (see id. at 2-5), and thus, reasonably concluded that the rezoning had no potential for significant adverse environmental impacts related to water and sewer infrastructure (see Matter of Chinese Staff and Workers' Assn. v Burden, 88 AD3d 425, 430-432, affd 19 NY3d 922). Moreover, the court's determination that DCP should not have accepted a dwelling unit factor of 1,000 to project future development under the rezoning was based on its own incorrect calculations and is otherwise unsupported by the record. Further, "[w]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency" (Akpan v Koch, 75 NY2d at 570). Here, the court improperly substituted its own judgment for that of the agency in determining that DCP failed to take a hard look at the environmental impacts on sewer and water infrastructure and thus, overstepped the bounds of SEQRA and CEQR review in granting the petition and annulling the determination.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court