Matter of Master Built Homes II Corp. v New York City Dept. of Bldgs. (2023 NY Slip Op 05263)

Matter of Master Built Homes II Corp. v New York City Dept. of Bldgs.

2023 NY Slip Op 05263

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2019-11257
 (Index No. 85081/19)

[*1]In the Matter of Master Built Homes II Corp., et al., appellants-respondents, 
v
New York City Department of Buildings, et al., respondents-appellants.

Gaines & Fishler, LLP, Staten Island, NY (Robert M. Fishler of counsel), for appellants-respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Tahirih M. Sadrieh of counsel), for respondents-appellants.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioners/plaintiffs appeal, and the respondents/defendants cross-appeal, from an order and interlocutory judgment (one paper) of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated August 30, 2019. The order and interlocutory judgment, insofar as appealed from, denied that branch of the petition/complaint which was for relief pursuant to CPLR article 78 with respect to real property owned by the petitioner/plaintiff NJJU Development, LLC, at 102 Maple Parkway and, in effect, dismissed that portion of the proceeding. The order and interlocutory judgment, insofar as cross-appealed from, directed a trial pursuant to CPLR 7804(h) on those branches of the petition/complaint which were for relief pursuant to CPLR article 78 with respect to real properties owned by the petitioners/plaintiffs Channelside 608-T2 Realty, LLC, 7335 Amboy Road, LLC, Foxbeach Construction Corp., and Cee Jay Real Estate Development Corp.
ORDERED that the cross-appeal is dismissed, without costs or disbursements, as no appeal lies as of right from a nonfinal order in a proceeding pursuant to CPLR article 78 (see id. § 5701[b][1]), and leave to appeal has not been granted; and it is further,
ORDERED that the order and interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements.
The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against the respondents/defendants (hereinafter the respondents), New York City Department of Buildings (hereinafter the Department of Buildings) and New York City Department of Parks and Recreation (hereinafter the Department of Parks). According to the petition/complaint (hereinafter the petition), each petitioner is the owner or contract vendee of certain real property located in Staten Island, and the petitioners are seeking "to make improvements on their respective properties, including tree removals." The petitioners alleged that they submitted applications to the Department of Buildings for permits and certificates of occupancy for said improvements, but the Department of Buildings [*2]would not issue permits or approve certificates of occupancy until the Department of Parks approved the tree removals. The petitioners further alleged that the Department of Parks will not approve the tree removals until the petitioners either pay restitution or plant trees to make up for the tree removals. The petitioners further alleged that the subject trees are located on streets to which the City of New York does not have title. The petitioners sought a judgment declaring that the Department of Parks does not have jurisdiction over trees in streets the City does not own, to compel the Department of Buildings to produce building permits and certificates of occupancy and to approve the petitioners' applications without the approval of the Department of Parks, and to compel the Department of Parks to return any monies that the petitioners wrongfully paid as restitution, which they alleged constitutes an unlawful taking in violation of the United States and New York State Constitutions.
The respondents interposed an answer in which they argued for denial of the petition on the merits and dismissal of the petition on various procedural grounds. In their answer, the respondents contended, among other things, that pursuant to section 36(2) of the General City Law and title 18 of the Administrative Code of the City of New York, the Department of Parks generally has jurisdiction over trees in streets used as public ways, including streets the City does not own, unless the tree falls within an exception set forth in Administrative Code § 18-105. The Department of Parks described the policy it has implemented to determine whether it has jurisdiction over a tree in a street: If a permit applicant submits evidence, such as a deed, showing that the applicant owns the land upon which the tree sits, or evidence that the applicant or the applicant's predecessor in interest planted the tree or maintains the tree, then the Department of Parks will not exercise jurisdiction over the tree and will not charge restitution for its removal. Furthermore, the Department of Parks stated that it will not exercise jurisdiction over a tree in a street unless the street has been used as a public way for at least 10 years, and the Department of Parks relies primarily upon Corporation Counsel opinions for making this determination.
In an order and interlocutory judgment dated August 30, 2019, the Supreme Court, inter alia, denied that branch of the petition which was for relief pursuant to CPLR article 78 with respect to property owned by the petitioner NJJU Development, LLC (hereinafter NJJU), at 102 Maple Parkway and, in effect, dismissed that portion of the proceeding. In reaching this determination, the court rejected the petitioners' contentions that the Department of Parks may never assert jurisdiction over trees in streets that the City does not own, and that the Department of Parks' demand for restitution for removal of such trees constitutes a taking. The court further determined that the Department of Parks' policy with respect to its exercise of jurisdiction over trees was "rational, reasonable and grounded in the law, if applied properly." The court concluded that there were no issues of fact necessitating a trial with respect to that branch of the petition relating to the property owned by NJJU at 102 Maple Parkway. However, the court directed a trial pursuant to CPLR 7804(h) on those branches of the petition which were for relief pursuant to CPLR article 78 with respect to properties owned by the petitioners Channelside 608-T2 Realty, LLC (hereinafter Channelside), 7335 Amboy Road, LLC (hereinafter 7335 Amboy), Foxbeach Construction Corp. (hereinafter Foxbeach), and Cee Jay Real Estate Development Corp. (hereinafter Cee Jay), finding that the record revealed triable issues of fact with respect to those four petitioners as to whether, among other things, the Department of Parks' determinations were affected by an error of law based on certain language contained in the letters issued by the Department of Parks to each of those four petitioners. The court dismissed that branch of the petition which was for relief pursuant to CPLR article 78 with respect to property owned by NJJU at 104 Maple Parkway and the remaining branches of the petition which were for relief pursuant to CPLR article 78 based upon procedural defenses asserted by the respondents, including that certain petitioners' claims were not ripe for judicial review, one claim was time-barred, and certain other claims were rendered academic due to the Department of Parks' recent determinations in favor of those petitioners. The petitioners appeal, and the respondents cross-appeal.
On appeal, the petitioners contend that the Supreme Court erred in its determinations as to the merits of the petitioners' contentions, including in its rejection of the petitioners' contentions that the Department of Parks cannot charge restitution for trees in streets that the City does not own and that to do so constitutes a taking. Insofar as that branch of the petition relating to [*3]the property owned by NJJU at 102 Maple Parkway is the only branch of the petition that the order and interlocutory judgment denied on the merits, we construe the petitioners' appeal to be from so much of the order and interlocutory judgment as denied that branch of the petition and, in effect, dismissed that portion of the proceeding.
The respondents cross-appeal from so much of the order and interlocutory judgment as directed a trial pursuant to CPLR 7804(h) on those branches of the petition which were for relief pursuant to CPLR article 78 with respect to properties owned by Channelside, 7335 Amboy, Foxbeach, and Cee Jay. That portion of the order and interlocutory judgment is not appealable as a matter of right, as no appeal lies as of right from a nonfinal order in a proceeding pursuant to CPLR article 78 (see id. § 5701[b][1]; Matter of Boyd v Cumbo, 210 AD3d 762, 762; Matter of Wood v Port Wash. Police Dist., 161 AD3d 758, 758; Matter of Scarcella v Village of Scarsdale Bd. of Trustees, 72 AD3d 831). Leave to appeal has not been granted, and under the circumstances of this case, we decline to grant leave to appeal sua sponte from that portion of the order and interlocutory judgment (see CPLR 5701[c]; Matter of Young Israel of Merrick v Board of Appeals of Town of Hempstead, 304 AD2d 834).
General City Law § 36(2) provides, inter alia, that "[n]o public municipal street utility or improvement shall be constructed by any city having a population of one million or more in any street or highway until it has become a public street or highway and is duly placed on the official map or plan, with the exception that a city may construct improvements and provide services to any public way (mapped or unmapped) if the public way has been open and in use to the public for a minimum of ten years." "The existence of the public way must be attested to by documents satisfactory to the municipality, such as reports of city agencies providing municipal services" (id.).
Section 18-104 of the Administrative Code provides that the "planting, care and cultivation of all trees and other forms of vegetation in streets shall be under the exclusive jurisdiction of the commissioner [of the Department of Parks], except as otherwise provided in section 18-105." Section 18-105 provides, inter alia, that "[a]ll trees in streets, which on investigation are found to be without ownership, shall be under the exclusive care and cultivation of the commissioner . . . . Trees found to be in the care of individual owners, corporations, societies, or associations, shall not be subject to the jurisdiction of the commissioner, unless the owners thereof make written application to the commissioner to have such trees transferred to his or her care." Section 18-107(a) provides that "[a]ny person that intends to remove any tree that is within the jurisdiction of the commissioner, shall obtain a permit from the [D]epartment [of Parks] prior to such removal," and section 18-107(b) provides that "[t]he [D]epartment [of Parks] shall charge a fee for each permit issued pursuant to this section, which shall be sufficient to cover the cost of replacing any tree proposed to be removed." The term "street" is defined as "[a]ny public street, avenue, road, alley, lane, highway, boulevard, concourse, parkway, driveway, culvert, sidewalk, crosswalk, boardwalk, viaduct, square or place, except marginal streets" (id. § 1-112[13]).
The Supreme Court properly denied, on the merits, that branch of the petition relating to the property owned by NJJU at 102 Maple Parkway. The petitioners' central contention, namely, that the Department of Parks has no authority to demand restitution for the removal of a tree in a street unless the City is the title owner of the street, is unsupported by any legal authority and contradicted by the plain language of title 18 of the Administrative Code. Pursuant to section 18-107(a) of the Administrative Code, the Department of Parks' authority to demand that a permittee pay for tree replacements rests not upon the Department of Parks' ownership of the tree, but rather its "jurisdiction" over the tree. Sections 18-104 and 18-105 clearly reflect that the Department of Parks' jurisdiction over a tree is not conditioned upon whether the City owns the street upon which the tree is located. Section 18-105 expressly provides that the Department of Parks has jurisdiction over trees in streets that have been found to be "without ownership." Moreover, as the respondents contend, the remaining language of section 18-105, read in conjunction with section 18-104, reflects that the Department of Parks' jurisdiction over trees in streets is not limited to streets found to be without ownership, but also extends to "all trees . . . in streets" (id. § 18-104) with the exception of "[t]rees found to be in the care of individual owners, corporations, societies, or associations" (id. § 18-105). Although the Department of Parks' policy permits a determination that a tree is "in the care [*4]of" an individual property owner within the meaning of section 18-105 through evidence that the property owner either holds title to the street upon which the tree is located, planted the tree, or has maintained the tree, the petitioners did not argue in the Supreme Court that any of these conditions were met. Instead, the petitioners challenged the Department of Parks' interpretations of the applicable statute and regulations, and contended, inter alia, that the Department of Parks' interpretations were erroneous, arbitrary and capricious, and unconstitutional. The court properly rejected these contentions, and properly concluded that the Department of Parks' interpretation of the statutes and regulations it administers is reasonable and rational and does not run contrary to the clear wording of a statutory provision (see Goodwin v Perales, 88 NY2d 383; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal, 187 AD2d 320).
The Supreme Court also properly rejected the petitioners' contention that the Department of Parks' demand for restitution violates the Takings Clauses of the United States Constitution and the New York State Constitution. There is a "heavy burden placed upon one alleging a regulatory taking" (Keystone Bituminous Coal Assn. v DeBenedictis, 480 US 470, 493). "If the contested regulation falls short of eliminating all economically viable uses of the encumbered property, the Court looks to several factors to determine whether a taking occurred, including 'the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action'" (Matter of Smith v Town of Mendon, 4 NY3d 1, 9, quoting Palazzolo v Rhode Island, 533 US 606, 617; see Penn Central Transp. Co. v New York City, 438 US 104, 124). "A 'taking' may more readily be found when the interference with property can be characterized as a physical invasion by government, than when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good" (Penn Central Transp. Co. v New York City, 438 US at 124 [citation omitted]). With regard to the economic impact of the regulation, the claimant must show "by 'dollars and cents' evidence that under no use permitted by the regulation under attack would the properties be capable of producing a reasonable return; the economic value, or all but a bare residue of the economic value, of the parcels must have been destroyed by the regulations at issue" (de St. Aubin v Flacke, 68 NY2d 66, 77; see Matter of New Cr. Bluebelt, Phase 4, 122 AD3d 859, 862). Here, the court properly rejected the petitioners' contention that the Department of Parks' demands for restitution constituted a taking, as the petitioners offered nothing more than broad, conclusory allegations in support of their claims (see Linzenberg v Town of Ramapo, 1 AD3d 321, 323).
The petitioners' remaining contentions are either without merit or improperly raised for the first time on appeal.
IANNACCI, J.P., CHAMBERS and TAYLOR, JJ., concur.
MALTESE, J., concurs, and votes to dismiss the cross-appeal and affirm the order and interlocutory judgment insofar as appealed from, with the following memorandum:
I concur with the majority's determination to affirm the order and interlocutory judgment insofar as appealed from and to dismiss the cross-appeal. I write separately to comment on a few points raised by the parties in their briefs on appeal and cross-appeal.
First, it is undisputed that a tree that is on New York City property is within the jurisdiction of the Commissioner of the New York City Department of Parks and Recreation (hereinafter the Department of Parks) (see Administrative Code of City of NY § 18-104). The petitioners/plaintiffs (hereinafter the petitioners) argue that, as a blanket rule, the Department of Parks cannot exercise jurisdiction over trees in streets or on private property that the City does not own, which the petitioners describe as "Non-title vested" streets. Section 18-105 of the Administrative Code provides that "[a]ll trees in streets, which on investigation are found to be without ownership, shall be under the exclusive care and cultivation of the commissioner," and that trees that are "found to be in the care of individual owners, corporations, societies, or associations," [*5]shall not be subject to the jurisdiction of the Commissioner, unless the owner requests that the care of the trees be transferred to the Commissioner. Thus, the issue is whether trees in non-title vested streets are "in the care of individual owners, corporations, societies, or associations." The respondents/defendants (hereinafter the respondents) have indicated that, in determining whether to exercise jurisdiction over a tree in a street that the City does not own, the Department of Parks relies upon Corporation Counsel opinions. The opinions of Corporation Counsel are purely advisory (see Comptroller of the City of N.Y. v Department of Fin. of the City of N.Y., 46 Misc 3d 403, 411 [Sup Ct, NY County]; Matter of Slevin v Siegel, 65 Misc 2d 3, 5 [Sup Ct, Nassau County]). Courts are not bound to rely upon them. A party that disputes the Department of Parks' exercise of jurisdiction over a tree may present evidence to refute that jurisdiction, notwithstanding the opinion of Corporation Counsel.
We construe this appeal as being limited to the branch of the petition/complaint (hereinafter the petition) relating to property owned by the petitioner NJJU Development, LLC (hereinafter NJJU), at 102 Maple Parkway, the only branch of the petition that the Supreme Court denied on the merits, and find, among other things, that the court properly rejected the petitioners' contention that the Department of Parks' demand for restitution from NJJU violates the Takings Clauses of the United States Constitution and the New York State Constitution. Although the petitioners did not meet their heavy burden with respect to NJJU's property at 102 Maple Parkway, it is possible that the petitioners may proffer evidence of an unconstitutional taking with respect to other petitioners. The respondents describe the many benefits of trees, which "clean the air, cool the streets, reduce storm water runoff, beautify neighborhoods, and enhance property values." The Department of Parks' goal to protect trees is a noble one. However, in furthering this goal, we must take care to avoid infringing upon individuals' constitutional right to property. Furthermore, the regulation affects the cost of construction and indirectly may affect housing costs on a more widespread basis. Courts must carefully consider whether the regulation destroys the economic value of the property at issue, if a party provides evidence of such destruction.
The parties raise complex and important issues regarding the authority of the Department of Parks to exercise jurisdiction over trees and to impose large amounts of restitution for their removal. Here, the issues are limited to whether NJJU established its entitlement to relief with respect to property at 102 Maple Parkway, which it did not. However, as a general matter, these issues warrant careful consideration. It is possible that other petitioners in this proceeding/action, or parties in a future proceeding, may make the requisite showing that the Department of Parks either may not exercise jurisdiction over certain trees that are owned by the petitioners, which are within the metes and bounds deed description of their property, or that are in the petitioners' care, or that the exercise of jurisdiction is an unconstitutional taking.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court