Matter of Stewart Hill, LLC v Windsor (2026 NY Slip Op 01367)

Matter of Stewart Hill, LLC v Windsor

2026 NY Slip Op 01367

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-00613
 (Index No. 4486/21)

[*1]In the Matter of Stewart Hill, LLC, et al., respondents,
vTown of New Windsor, et al., appellants.

Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for appellants.
Whiteman Osterman & Hanna LLP, Albany, NY (Robert S. Rosborough IV, Anna V. Seitelman, and William S. Nolan of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that Local Law No. 3 of 2021 of the Town of New Windsor is invalid, the appeal is from an order of the Supreme Court, Orange County (Maria S. Vasquez-Doles, J.), dated December 12, 2023. The order, insofar as appealed from, denied those branches of the motion of the defendants/respondents which were for summary judgment dismissing the first, second, third, and seventh causes of action and, in effect, for a declaratory judgment in their favor with respect to those causes of action, and granted those branches of the cross-motion of the plaintiffs/petitioners which were for summary judgment on the second, third, and seventh causes of action.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendants/respondents which were for summary judgment dismissing the second, third, and seventh causes of action and, in effect, for a declaratory judgment in their favor with respect to those causes of action, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting those branches of the cross-motion of the plaintiffs/petitioners which were for summary judgment on second, third, and seventh causes of action, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants/respondents.
The factual and procedural background is set forth in greater detail in our decision and order on a related appeal (see Matter of Stewart Hill, LLC v Town of New Windsor, ___ AD3d ___ [Appellate Division Docket No. 2021-04718; decided herewith]). In 2021, the Town Board of the Town of New Windsor (hereinafter the Town Board) updated the Town of New Windsor Comprehensive Plan (hereinafter the comprehensive plan) and, thereafter, enacted Local Law No. 3 of 2021 (hereinafter the zoning amendment), which implemented provisions of this plan. The zoning amendment, inter alia, amended the zoning regulations of the Code of Town of New Windsor to define the term "incidental" and amended the Town's zoning map, among other things, to rezone certain districts designated as "Office and Light Industry" districts to "R-1" residential districts, including a district where the subject property was located. The Town Board simultaneously passed a resolution issuing a negative declaration of environmental significance pursuant to the State [*2]Environmental Quality Review Act (hereinafter SEQRA), declaring that the zoning amendment would not have a significant impact on the environment.
The plaintiffs/petitioners (hereinafter the plaintiffs) thereafter commenced a hybrid proceeding and action. The first cause of action sought a judgment declaring that the plaintiffs had vested rights to proceed with the development of their project pursuant to the prior zoning regulations under the special facts exception; the second cause of action alleged failure to comply with SEQRA; the third cause of action sought, in effect, a judgment declaring the zoning amendment invalid because it did not bear a substantial relation to the health, welfare, and safety of the community; and the seventh cause of action alleged that the new definition of "incidental" was unconstitutionally vague. In an order dated December 12, 2023, the Supreme Court, inter alia, denied those branches of the motion of the defendants/respondents (hereinafter the defendants) which were for summary judgment dismissing the first, second, third, and seventh causes of action and, in effect, for a declaratory judgment in their favor with respect to those causes of action, and granted those branches of the plaintiffs' cross-motion which were for summary judgment on the second, third, and seventh causes of action. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action and, in effect, for a declaratory judgment in their favor with respect to that cause of action, and should have denied that branch of the plaintiffs' cross-motion which was for summary judgment on that cause of action. "Legislative enactments enjoy a strong presumption of constitutionality . . . [and] parties challenging a duly enacted statute face the initial burden of demonstrating the statute's invalidity beyond a reasonable doubt" (Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593 [internal quotation marks omitted]; see Matter of 1160 Mamaroneck Ave. Corp. v City of White Plains, 211 AD3d 723, 725). "With the police power as the predicate for the State's delegation of municipal zoning authority, a zoning ordinance will be struck down if it bears no substantial relation to the police power objective of promoting the public health, safety, morals or general welfare" (Trustees of Union Coll. in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161, 165; see Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 833, 836-837). Here, the defendants demonstrated, prima facie, that the zoning amendment was a valid exercise of the Town's police power (see Matter of Wallach v Town of Dryden, 23 NY3d 728, 743, 754-755; Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d at 837). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the seventh cause of action and, in effect, for a declaratory judgment in their favor with respect to that cause of action, and should have denied that branch of the plaintiffs' cross-motion which was for summary judgment on that cause of action. "A statute, or a regulation, is unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited, and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d 56, 63-64 [internal quotation marks omitted]; see Westhampton Beach Assoc., LLC v Incorporated Vil. of Westhampton Beach, 151 AD3d 793, 796). "[A] facial challenge requires the court to examine the words of the statute on a cold page and without reference to the [complaining party's] conduct. In pursuing a facial challenge, the [complaining party] must carry the heavy burden of showing that the statute is impermissibly vague in all of its applications" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 64-65 [internal quotation marks omitted]). Here, the zoning amendment defined "incidental" to mean "[a] use or structure that is accompanying, but not a major part of something. Secondary, subordinate, ancillary or peripheral thereto." The defendants demonstrated, prima facie, that the zoning amendment's definition was not unconstitutionally vague, as it provided a person of ordinary intelligence with a reasonable opportunity to understand what uses were "incidental." In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action and, in effect, for a declaratory judgment in their favor with respect to that cause of action, and should have denied that branch of the plaintiffs' cross-motion which was for summary judgment on that cause of action. "In assessing an agency's compliance with the substantive mandates of [SEQRA], the courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 227 AD3d 722, 725 [internal quotation marks omitted]). "[W]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to weigh the desirability of any action or [to] choose among alternatives" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [internal quotation marks omitted]; see Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 227 AD3d at 724). "Not every conceivable environmental impact, mitigating measure or alternative must be identified and addressed [in order to] satisfy the substantive requirements of SEQRA, and therefore, [t]he degree of detail with which each factor must be discussed . . . will vary with the circumstances and nature of the proposal" (Matter of Cedar St. Comm. v Board of Educ. of the E. Hampton Union Free Sch. Dist., 223 AD3d 738, 740 [internal quotation marks omitted]). Here, the record demonstrates that the Town Board based its negative declaration on its review of a Full Environmental Assessment Form prepared in connection with the update to the comprehensive plan and the zoning amendment. The defendants demonstrated, prima facie, that the Town Board took the requisite hard look at the relevant environmental concerns and made a reasoned elaboration of the basis for its negative declaration (see Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d 778, 780; Matter of Boyd v Cumbo, 210 AD3d 762, 764; Matter of Favre v Planning Bd. of the Town of Highlands, 185 AD3d 681, 683). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court, however, properly denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action and, in effect, for a declaratory judgment in their favor with respect to that cause of action. "Although the general rule is that a court should apply the zoning provisions in effect at the time it renders its decision, pursuant to the 'special facts' exception, a court may apply the law in effect at the time the landowner's application was made" (Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d at 842 [citation omitted]). "In order for a landowner to establish entitlement to the request as a matter of right, the landowner must be in full compliance with the requirements at the time of the application, such that proper action upon the permit would have given [the landowner] time to acquire a vested right. In addition to showing entitlement to the request as a matter of right, the landowner must also show extensive delay[ ] indicative of bad faith, unjustifiable actions by the municipal officials, or abuse of administrative procedures" (Matter of Rocky Point Drive-In, L.P. v Town of Brookhaven, 21 NY3d 729, 737 [citations and internal quotation marks omitted]). Here, contrary to the defendants' contention, they failed to demonstrate, prima facie, that the plaintiffs' revised site plan failed to comply with the zoning laws in effect prior to the enactment of a moratorium on development (see Matter of Stewart Hill, LLC v Town of New Windsor, ___ AD3d ___ [Appellate Division Docket No. 2021-04718; decided herewith]) or that the plaintiffs would not have been entitled to proceed with the development of the site prior to the moratorium as a matter of right. The defendants also failed to demonstrate the absence of triable issues of fact regarding whether the Town acted in bad faith and intentionally delayed the approval of the revised site plan. Accordingly, the court properly denied that branch of the defendants' motion, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court