Matter of Beer v New York State Dept. of Envtl. Conservation (2020 NY Slip Op 07959)





Matter of Beer v New York State Dept. of Envtl. Conservation


2020 NY Slip Op 07959


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

529705

[*1]In the Matter of Ingrid Beer et al., Appellants,
v
New York State Department of Environmental Conservation et al., Respondents, et al., Respondents.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Marty I. Rosenbaum, Albany, for appellants.
Letitia James, Attorney General, Albany (Joshua M. Tallent of counsel), for New York State Department of Environmental Conservation and another, respondents.
Drake Loeb, PLLC, New Windsor (Stephen J. Gaba of counsel), for Village of New Paltz and others, respondents.



Colangelo, J.
Appeal from a judgment of the Supreme Court (DeBow, J.), entered April 1, 2019 in Albany County, which, among other things, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Environmental Conservation granting a water withdrawal permit to respondent Town of New Paltz.
In February 2018, respondent Department of Environmental Conservation (hereinafter DEC) issued a 10-year water withdrawal permit (hereinafter the permit) to respondent Town of New Paltz (hereinafter the Town) to implement a joint water project undertaken by the Town and the Village of New Paltz (hereinafter the Village) to supply an alternative water source to approximately 7,300 residents during planned outages of the Catskill Aqueduct.[FN1] The issuance of the permit followed, among other things, the establishment of Water District No. 5 as the alternative water source, an environmental review under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), and the Town's adoption of a negative declaration. The permit authorized the Town's annual pumping of 400 gallons per minute during the shutdown periods and year-round pumping at 20 gallons per minute as a water source for property owners within Water District No. 5 from a wellfield, which was located on Plains Road within the Town (hereinafter the Plains Road well).
In March 2018, petitioners, who own property within the area served by Water District No. 5, commenced this CPLR article 78 proceeding [FN2] seeking to annul DEC's decision to grant the permit issued to the Town by challenging the decision on procedural and substantive grounds. Procedurally, petitioners argue that DEC failed to provide adequate notice and an opportunity for public comment, failed to conduct an adjudicatory hearing and failed to adequately explain the basis of its decision to issue the permit. Substantively, petitioners challenge the rationality of the decision, contending that DEC erred in finding that the permit application satisfied the statutorily enumerated factors set forth in ECL 15-1503 (2), failed to review the Town's negative declaration and/or independently review the project under SEQRA, irrationally ignored the existence of a sand and gravel mine on the property where the Plains Road well is located and improperly imposed a permit condition requiring the installation of a backup well. Respondents answered and raised several affirmative defenses, including that petitioners were collaterally estopped from challenging the Town's negative declaration and that such claims were time-barred. Supreme Court dismissed the petition in its entirety, and this appeal ensued.
Turning first to petitioners' contention that Supreme Court erred in determining that the 15-day public comment period on the permit was "compliant with legal mandate," the record reflects that the Town's permit application was supported by a negative SEQRA declaration and [*2]the applicable public comment period on the application was 15 days (see 6 NYCRR 621.7 [b] [6] [i]). Petitioners, while not disputing that DEC provided the 15-day comment period, argue that the Town, after its application was deemed "complete" and just prior to the expiration of the 15-day public comment period, substantively modified its application by offering to accept four "special conditions" on the permit,[FN3] which required DEC to extend or reopen the public comment period. We disagree. "[I]n a proceeding seeking judicial review of [an] administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]. Moreover, "where as here, the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation, 92 AD3d 123, 129 [2011] [internal quotation marks and citation omitted], lv denied 19 NY3d 807 [2012]; see Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d 11, 19 [2018], lv denied 32 NY3d 904 [2018]).
As Supreme Court correctly determined, the four conditions requested by the Town were not substantial and did not constitute a modification of the permit application. The Town's application and project description reflected the permit's objective — to secure a backup water supply to be used during planned Catskill Aqueduct shutdown periods. Although the initial permit application may not have specified a durational limit, it was clear from the materials submitted with the application and the Town's response to DEC's notice of incomplete application that the Town intended to operate the Plains Road well only during the shutdown periods and only after Water District No. 5 was operational. The record further reflects that the conditions did not require "extensive retooling" of the project and were "normal and common" for water withdrawal permits. We agree with Supreme Court that since petitioners failed to offer a factual explanation or cite authority to support their claim that DEC abused its discretion in not extending the comment period beyond 15 days, DEC's decision had a rational basis and was in compliance with legal mandate.
Nor do we find that additional SEQRA review is warranted based on the inclusion of a condition requiring installation and testing of a backup redundant well. As a procedural matter, DEC "was bound by the negative declaration issued by the [Town]" (Matter of Gordon v Rush, 100 NY2d 236, 245 [2003]; see 6 NYCRR 617.6 [b] [3] [iii]). In addition, the redundant well condition was imposed to ensure compliance with the Recommended [*3]Standards for Water Works (see 10 NYCRR 5-1.22 [b] [1]). With respect to the installation of the well itself, as Supreme Court properly concluded, the record reflects that the redundant well would be in close proximity to the Plains Road well, it would pump at the same rate as the Plains Road well and only when the Plains Road well is not operating, and the installation and testing would not occur until Water District No. 5 was operational. Moreover, as the record further reflects, the environmental impacts of the redundant well would be identical to those of the Plains Road well. Given these safeguards, petitioners failed to demonstrate that installation and testing of the redundant well would either interrupt their access to potable water or have an adverse environmental impact. We therefore find no merit to petitioners' contention that the inclusion of this condition was unlawful, arbitrary and capricious, irrational or an abuse of discretion.
We likewise find that Supreme Court properly found that DEC was not required to conduct an adjudicatory hearing, because the comments that petitioners submitted during the review process failed to disclose "substantive and significant issues relating to any findings or determinations [DEC] is required to make pursuant to the Environmental Conservation Law, including the reasonable likelihood that a permit applied for will be denied or can be granted only with major modifications to the project" (6 NYCRR 621.8 [b]; see ECL 70-0119 [1]; 6 NYCRR 624.4 [c] [1] [iii]; Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 187 AD3d 1437, 1441 [2020]; Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d at 18-19). "An issue is substantive if there is sufficient doubt about the applicant's ability to meet statutory or regulatory criteria applicable to the project, such that a reasonable person would require further inquiry" (6 NYCRR 624.4 [c] [2]; see Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d at 19). "An issue is significant if it has potential to result in the denial of a permit, a major modification to the proposed project or the imposition of significant permit conditions in addition to those proposed in the draft permit" (6 NYCRR 624.4 [c] [3]; see Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d at 19). "The resolution of whether an issue is substantive and significant requiring an adjudicatory hearing is left to [DEC's] Commissioner and will not be disturbed absent a showing that it is predicated upon an error of law, is arbitrary and capricious, or represents an abuse of discretion" (Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d at 19; [internal quotation marks and citations omitted]; accord Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation[*4], 92 AD3d at 129). Once the determination was made that the Town's completed application conformed to all necessary requirements, petitioners bore the burden of demonstrating that any issue relating to that application is both substantive and significant (see 6 NYCRR 624.4 [c] [4]; Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation, 42 AD3d 857, 859 [2007]).
According to DEC's Regional Permit Administrator, a number of issues raised in petitioners' public comments were unrelated to DEC's determination whether to issue the permit. The issues that were deemed to be relevant, such as water quality and quantity, were neither substantive nor significant given the technical information that was already part of DEC's record, which included, among other things, the exhaustive hydrogeological report of the engineering firm engaged by the Village and submitted with the application. In light of petitioners' failure to prove that the issues raised were substantive and significant, and mindful that our role is not to substitute our judgment for that of DEC, we cannot say that DEC's refusal to conduct an adjudicatory hearing was arbitrary and capricious (see Matter of Village of Woodbury v Seggos, 154 AD3d 1256, 1261 [2017]; Matter of Riverkeeper, Inc. v New York State Dept. of Envtl. Conservation, 152 AD3d 1016, 1018-1019 [2017]). Further, we find no merit to petitioners' contention that DEC failed to explain its determination in sufficient detail to permit meaningful judicial review, given the Town's responses to public comments, DEC's supplemental responses to public comments and the DEC staff affidavits submitted to Supreme Court (see Matter of Village of Woodbury v Seggos, 154 AD3d at 1261-1262).
We find that petitioners' challenges to the Town's SEQRA review and negative declaration, and DEC's failure to conduct an additional SEQRA review before issuing the permit, were properly dismissed as untimely and barred by the doctrine of collateral estoppel. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party" (Emmons v Broome County, 180 AD3d 1213, 1216 [2020] [internal quotations marks and citation omitted]). The prior challenge to the Town's SEQRA review and negative declaration failed because it was untimely (see Beer v Village of New Paltz, 163 AD3d 1215, 1216-1217 [2018]), and, as a dismissal on the merits, bars a second proceeding on this claim. Moreover, allegations of SEQRA violations are subject to a four-month statute of limitations (see CPLR 217 [1]; Matter of Young v Board of Trustees of Vil. of Blasdell, 89 NY2d 846, 848 [1996]; Schulz v Town Bd. of Town of Queensbury, 178 AD3d 85, 89 [2019], appeal dismissed 34 NY3d 1177 [2020], lv denied 35 NY3d 1080 [2020]; Matter of Village of Woodbury v Seggos, 154 AD3d at 1260). The Town, as the lead agency, issued its negative [*5]declaration in February 2016, which was a final agency action for purposes of judicial review of petitioners' SEQRA claims (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N. Y., 5 NY3d 30, 34 [2005]; Stop-The-Barge v Cahill, 1 NY3d 218, 223 [2003]). Accordingly, petitioners' challenges in this proceeding, commenced in March 2018, to DEC's failure to independently review the sufficiency of the Town's SEQRA review and negative declaration are time-barred. Furthermore, with regard to petitioners' contention that DEC was required to conduct its own SEQRA review, as Supreme Court correctly determined, DEC "was bound by the negative declaration issued by the [Town]" (Matter of Gordon v Rush, 100 NY2d at 245; see 6 NYCRR 617.6 [b] [3] [iii]).
We find no merit to petitioners' contention that, in issuing the permit, DEC failed to consider, and make a satisfactory determination of, the statutorily enumerated factors set forth in ECL 15-1503 (2). As Supreme Court correctly determined, petitioners have neither demonstrated a factual basis for this contention regarding any factor, nor have they shown that DEC's determination with respect to any factor lacked a rational basis or was arbitrary and capricious.
Finally, we find that Supreme Court correctly determined that the existence of an open mining permit did not render DEC's grant of the permit arbitrary and capricious. The affidavit submitted by DEC's Regional Permit Administrator indicated that the mining permit at issue did not authorize mining below the water table and DEC's Mined Land Reclamation staff determined that no further mining would be conducted near the Plains Road well. The record supports DEC's conclusion that modification of the mining permit was unnecessary and "that current and future approved mining activities would have no adverse impact on the wellfield." Thus, we agree with Supreme Court that DEC sufficiently demonstrated that its decision declining to deny the permit or include conditions that addresses the mining permit was rationally based (see Flacke v Onondaga Landfill Sys., 69 NY2d at 363; Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d at 19; Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation, 92 AD3d at 129). To the extent that we have not addressed any of petitioners' remaining contentions that are properly before us, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The Catskill Aqueduct is a water supply system operated and maintained by respondent New York City Department of Environmental Protection that supplies water to more than 7,000 residents of the Town and the Village. In order to perform needed maintenance work on this system, the Department determined that it would need to interrupt the supply of water to the Town on multiple occasions for extended periods.

Footnote 2: This proceeding is the fourth proceeding brought by petitioners to challenge the permit approval process and the creation of Water District No. 5 (see Matter of Beer v Town of New Paltz, 179 AD3d 1238, 1240-1245 [2020] [rejecting, among other things, claims to annul the Town's adoption of a negative declaration]; Matter of Beer v Village of New Paltz, 163 AD3d 1215, 1216-1217 [2018] [rejecting claims, as time-barred, that the Town failed to comply with SEQRA's requirements in establishing Water District No. 5]; Matter of Beer v Village of New Paltz, Sup Ct, Ulster County, May 26, 2015, Cahill, J., index No. 3123/14 [dismissing a SEQRA challenge to the Village's exploratory well test]).

Footnote 3: The conditions requested included a stated durational limited on the 400 gallons per minute pumping, the requirement that the new water district be operational before the Plains Road well could be used and that the Plains Road well not be used as a backup water source during periods of below average precipitation.