Matter of Regina R. v Frederick S. (2021 NY Slip Op 05749)





Matter of Regina R. v Frederick S.


2021 NY Slip Op 05749


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

530280
[*1]In the Matter of Regina R., Respondent,
v
Frederick S., Appellant.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for appellant.
Phillip A. Wellner, Hillsdale, for respondent.
Michelle I. Rosien, Philmont, attorney for the child.



Pritzker, J.
Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered August 27, 2019 which, in a proceeding pursuant to Family Ct Act article 6, denied respondent's motion to vacate a prior default order.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2017). In or around May 2018, the mother filed a custody petition. The father failed to appear for an initial appearance that was scheduled for September 17, 2018 and, as a result, Family Court (Jacon, J.H.O.) entered an order of custody and visitation on default, granting the mother legal and residential custody of the child. Subsequently, in July 2019, the father moved to vacate the default order, alleging that he was unable to attend because he was "addressing the destruction and aftermath caused by Hurricane Florence." Neither the mother nor the attorney for the child filed opposition papers to the motion.[FN1] Family Court (Nichols, J.) denied this motion, finding that the father failed to provide a reasonable excuse for his default, and determined that the father's nonappearance was the result of "his knowing, conscious choice, and not the result of an unavoidable or inadvertent occurrence." The father appeals.
We affirm, albeit on a different ground as the father failed to comply with the service requirements of CPLR 2103.[FN2] CPLR 2103 (b) provides that, "[e]xcept where otherwise prescribed by law or order of court, papers to be served upon a party in a pending [proceeding] shall be served upon the party's attorney." The record reveals, by way of an affidavit of service, that the father's motion to vacate the default, which was filed by the father's attorney, was served only on the mother herself and not her attorney, in contravention to CPLR 2103 (b).[FN3] Nor was the attorney for the child served with the motion. "Absence of proper service of a motion . . . deprives the court of jurisdiction to entertain the motion" (Welch v State of New York, 261 AD2d 537, 538 [1999] [citations omitted]; see Matter of Lydia DD., 94 AD3d 1385, 1386 [2012]). Therefore, the father's failure to properly serve the mother's attorney and the attorney for the child deprived Family Court of jurisdiction to entertain the motion. Based on the foregoing, we affirm Family Court's denial of the motion.
Egan Jr. J.P., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother and the attorney for the child claim that they did not respond to the motion because they were never properly served.

Footnote 2: Although an issue raised for the first time on appeal would generally not be preserved, this Court may consider an argument that is raised for the first time on appeal where it "involves a question of law that appears on the face of the record which could not have been avoided if brought to the attention of the [court] at the appropriate juncture" (Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751 [2014], lv dismissed 24 NY3d 990 [2014]; accord Miller Greenberg Mgt. Group, LLC v Couture, 193 AD3d 1273, 1275 n 2 [2021]; see Sega v State of New York, 60 NY2d 183, 190 n 2 [1983]).

Footnote 3: The mother had appeared with counsel previously, as indicated by the fact that the mother's attorney and the attorney for the child are copied on the order.