Matter of Sierra Club v New York State Dept. of Envtl. Conservation (2024 NY Slip Op 02325)

Matter of Sierra Club v New York State Dept. of Envtl. Conservation

2024 NY Slip Op 02325

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-02580
 (Index No. 2402/19)

[*1]In the Matter of Sierra Club, et al., appellants,
v
New York State Department of Environmental Conservation, et al., respondents.

Lippes & Lippes, Buffalo, NY (Richard J. Lippes, Rachel Treichler, and Jonathan L. Geballe of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Gavin G. McCabe of counsel), for respondents New York State Department of Environmental Conservation and Basil Seggos.
Barclay Damon LLP, Albany, NY (Yvonne E. Hennessey of counsel), for respondent Helix Ravenswood, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent New York State Department of Environmental Conservation dated February 20, 2019, which granted the application of the respondent Helix Ravenswood, LLC, for a water withdrawal permit pursuant to Environmental Conservation Law § 15-1501(9), the petitioners appeal from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered November 7, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
As set forth more fully in a decision and order of this Court on a prior appeal (see Matter of Sierra Club v Martens, 158 AD3d 169), the Ravenswood thermoelectric generating station (hereinafter the station), located in Long Island City, Queens, produces electrical energy for the City of New York. In connection with the station's generation of electricity by three of the station's four steam generators, the station utilizes a "once-through" cooling system by which it withdraws large amounts of water from the East River to cool its boiler equipment and turbines and then discharges that water back into the East River. The station has used this once-through cooling system since 1963 and has a maximum withdrawal capacity of up to 1.5 billion gallons of water per day.
In 2013, the prior operator of the station submitted an application to the respondent New York State Department of Environmental Conservation (hereinafter the DEC) for an initial water withdrawal permit pursuant to the Water Resources Protection Act (see ECL 15-1501 et seq.; hereinafter WRPA). WRPA was enacted in 2011 and requires "all commercial and industrial operators of water withdrawal systems with a capacity to withdraw more than 100,000 gallons of water per day . . . to obtain a water withdrawal permit" (Matter of Sierra Club v Martens, 158 AD3d [*2]at 172; see ECL 15-1503[1]; 15-1502[14]). The DEC determined that the issuance of an initial permit was a ministerial act, and, thus, not subject to review under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA; see ECL 8-0105[5][ii]), and issued the permit. The petitioners commenced a proceeding pursuant to CPLR article 78 to annul the DEC's determination. By judgment entered December 10, 2014, the Supreme Court denied the petition and dismissed the proceeding. By decision and order dated January 10, 2018, this Court reversed the judgment entered December 10, 2014, annulled the initial permit, and remitted the matter to the DEC for further proceedings on the permit application in accordance with SEQRA (see Matter of Sierra Club v Martens, 158 AD3d at 178).
Thereafter, the DEC classified the prior application for an initial permit as a Type I action subject to SEQRA review. In 2018, the respondent Helix Ravenswood, LLC (hereinafter Helix), the current operator of the station, submitted an updated application to the DEC for an initial water withdrawal permit pursuant to WRPA (see ECL 15-1501[9]). Following an extended period for public comments, in February 2019, the DEC issued an amended negative declaration of environmental significance pursuant to SEQRA and issued the initial permit to Helix (hereinafter the 2019 permit).
In April 2019, the petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to annul the 2019 permit. The petitioners alleged, among other things, that the DEC failed to comply with the requirements of WRPA and SEQRA in that it failed to properly evaluate the benefits of implementing an alternative cooling system at the station or the impact of the current cooling system on aquatic life. In a judgment entered November 7, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
"'In a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion'" (Matter of Wythe Berry, LLC v New York State Dept. of Envtl. Conservation, 188 AD3d 1225, 1228, quoting Matter of Sierra Club v Martens, 158 AD3d at 174; see CPLR 7803[3]; Akpan v Koch, 75 NY2d 561, 570). "[I]t is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (Matter of Reddock v New York State Dept. of Envtl. Conservation, 177 AD3d 672, 673 [internal quotation marks omitted]; see Matter of Wilson v Iwanowicz, 97 AD3d 595, 596). Further, "while judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to weigh the desirability of any action or to choose among alternatives" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [alterations and internal quotation marks omitted]). "'In assessing an agency's compliance with the substantive mandates of [SEQRA], the courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination'" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924, quoting Akpan v Koch, 75 NY2d at 570 [internal quotation marks omitted]).
Here, the record demonstrates that the DEC identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232-233). Moreover, the record demonstrates that the DEC neither abused its discretion nor was arbitrary and capricious when it issued a negative declaration determining that the 2019 permit would have no significant adverse environmental impact (see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d at 924). Further, contrary to the petitioners' contention, the record shows that a rational basis supported the issuance of the 2019 permit (see Matter of Beer of New York State Dept. of Envtl. Conservation, 189 AD3d 1916, 1921-1922; Matter of Village of Woodbury v Seggos, 154 AD3d 1256, 1261-1262).
Accordingly, the Supreme Court properly denied the petition and dismissed the [*3]proceeding.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court