Matter of County of Rockland v New York State Dept. of Envtl. Conservation (2025 NY Slip Op 06231)

Matter of County of Rockland v New York State Dept. of Envtl. Conservation

2025 NY Slip Op 06231

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CV-24-1167
[*1]In the Matter of County of Rockland, Appellant,
v
New York State Department of Environmental Conservation et al., Respondents.

Calendar Date:September 2, 2025

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

West Group Law, PLLC, White Plains (Steven A. Torres of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondents.

Mackey, J.
Appeal from a judgment of the Supreme Court (Laura Jordan, J.), entered May 24, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review, among other things, a determination of respondents denying petitioner's request for an adjudicatory hearing.
This matter centers around a request by the Rockland County Sewer District #1 (hereinafter the District) to incorporate a speculative, proposed diffusor project into a renewed State Pollutant Discharge Elimination System (see ECL 17-0105 [13]; 6 NYCRR 750-1.2 [a] [89]) (hereinafter SPDES) permit, issued by respondent Department of Environmental Conservation (hereinafter DEC), to address certain newly imposed environmental requirements. The District operates the Orangeburg Wastewater Treatment Plant (hereinafter the plant) located in the Town of Orangetown, Rockland County. The plant treats wastewater from residential and industrial users and, once treated, discharges the treated wastewater — known as effluent — into the Hudson River pursuant to a SPDES permit originally issued by DEC in 2008. In May 2013, the District filed an application with DEC to renew the permit (see 6 NYCRR 621.11 [b]; 750-1.16 [a]).
In June 2018, DEC notified the District that its application was determined to be complete and that a technical review had been commenced, and further directed that the notice of complete application be posted for public comment (see 6 NYCRR 621.6 [g]; 621.11 [b] [2]). DEC also prepared a draft permit, which imposed more stringent water quality based effluent limits (hereinafter effluent limits) for ammonia and residual chlorine (see 6 NYCRR 750-1.11 [a] [5] [i]). Petitioner and the District, in its capacity as petitioner's administrative arm, challenged the draft permit in ensuing discussions with DEC. Following these discussions, the District informed DEC that, to address the new effluent limits, it was contemplating a diffuser project and DEC replied that if the District provided certain technical documents prior to a specified date, it would issue a revised draft permit incorporating the design and adjusting the effluent limits accordingly (see 6 NYCRR 750-1.10 [c] [1]). Upon receiving a portion of the requested documents, DEC instructed the District that it was also required to submit a permittee-initiated modification request by October 31, 2019 (see 6 NYCRR 621.11 [a], [b]). In response, the District requested that, instead of requiring the submission of a permittee-initiated modification, DEC change the status of the 2013 SPDES renewal application to incomplete and begin the review process anew, with consideration of the District's proposed diffuser project. DEC declined the requested approach and issued a final permit, effective in March 2021.
The District thereafter requested an adjudicatory hearing regarding DEC's issuance of the permit (see 6 NYCRR 624.2 [a]; 750-1.26 [c]). Following an issues conference (see 6 NYCRR 624.4 [b]), [*2]an administrative law judge (hereinafter ALJ) determined that there were no issues warranting adjudication regarding the permit conditions, DEC's effluent limits for ammonia, or actions by DEC during the permitting process (see 6 NYCRR 624.4 [b] [2] [i] [b]; [iv]). Upon the District's administrative appeal (see 6 NYCRR 624.8 [d]), respondent Commissioner of DEC upheld the ALJ's determination.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking, among other things, an order annulling the determination to issue the final permit and invalidating DEC's effluent limits for ammonia as set forth in the permit.[FN1] Respondents answered, and Supreme Court dismissed the petition finding, among other things, that the determination was supported by a rational basis and that DEC's effluent limits were lawful. Petitioner appeals.
Petitioner challenges DEC's issuance of the renewed SPDES permit, arguing that DEC improperly failed to rescind its 2018 notice of complete application so as to consider the proposed diffuser project and run a concurrent review pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), as well as by requiring the District to submit a permittee-initiated modification request to include the diffuser project prior to issuing the final permit. In the context of a CPLR article 78 proceeding, review of an administrative determination rendered without a hearing is limited to "whether [the] determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Matter of Lake George Assn. v NYS Adirondack Park Agency, 228 AD3d 52, 57 [3d Dept 2024], lv denied 42 NY3d 908 [2024]; Matter of Beer v New York State Dept. of Envtl. Conservation, 189 AD3d 1916, 1918 [3d Dept 2020]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Clean Air Action Network of Glens Falls, Inc. v Town of Moreau Planning Bd., 235 AD3d 1124, 1126 [3d Dept 2025] [internal quotation marks and citations omitted]). Contrary to petitioner's assertions on appeal, it is the law of this state that "when the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (Matter of Lake George Assn. v NYS Adirondack Park Agency, 228 AD3d at 58 [internal quotation marks and citations omitted]; see Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 227 AD3d 722, 724-725 [2d Dept 2024]).
The record here reflects that DEC determined the District's 2013 SPDES renewal application to be complete in June 2018. The District and DEC then engaged in lengthy discussions regarding the effluent limits imposed under the related draft permit, culminating in the District asserting, in May 2019, that it was "contemplating a diffusor option[*3]" to address these new limitations. Following further discussions, DEC notified the District that if it submitted draft designs and a constructability analysis of the project by October 3, 2019, and that such met DEC's approval, DEC would publicly notice a revised draft permit consistent with the District's proposal. Should the District fail to adhere to this schedule, DEC explicitly provided that it would proceed with the issuance of the final permit as publicly noticed in 2018. The District then timely submitted its draft design. In approving the draft design, DEC extended the District's time to submit the constructability analysis and further informed the District that it would also be required to submit a formal permittee-initiated modification request, for which it was given additional time. The District ultimately submitted — albeit belatedly — its constructability analysis, but never provided DEC with a formal permittee-initiated modification request.
Nevertheless, in May 2020, the District submitted a written request to DEC to rescind the 2018 completeness determination and recommence the application process, including environmental impact review, in consideration of its proposed diffusor project. Given the significant passage of time since the expiration of the prior SPDES permit — nearly eight years — and the uncertain timeline for the District's diffusor planning and completion, DEC declined to rescind its 2018 completeness determination and instead devised a compliance schedule under the permit that afforded the District three years to develop plans for compliance with the new effluent limits on ammonia and total residual chlorine under the permit. Petitioner's contention that it should not have been required to submit a permittee-initiated modification request misses the mark, as its failure to do so renders its argument tantamount to asking DEC to leave resolution of the SPDES application in limbo while awaiting the District's potential submission of definitive plans to address the very real underlying environmental concerns.[FN2] Under these circumstances, we find that DEC rationally declined the District's request to rescind its completeness determination and further delay the issuance of a final SPDES permit, thereby addressing the need for regulatory certainty while facilitating the District's ability to pursue its proposed diffusor project through the implementation of an enforceable, yet generous, schedule of compliance (see e.g. Matter of Beer v New York State Dept. of Envtl. Conservation, 189 AD3d at 1922; Matter of Riverkeeper, Inc. v New York State Dept. of Envtl. Conservation, 152 AD3d 1016, 1019-1020 [3d Dept 2018]; Matter of Citizens for Hudson Val. v New York State Bd. on Elec. Generation Siting & Envt., 281 AD2d 89, 97-98 [3d Dept 2001]). Accordingly, we cannot say that DEC's denial of petitioner's request for an adjudicatory hearing on these issues was "predicated upon an error of law, is arbitrary and capricious, or represents [*4]an abuse of discretion" (Matter of Beer v New York State Dept. of Envtl. Conservation, 189 AD3d at 1920 [internal quotation marks and citations omitted]; see Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, 161 AD3d 11, 20-21 [3d Dept 2018], lv denied 32 NY3d 904 [2018]; Matter of Riverkeeper, Inc. v New York State Dept. of Envtl. Conservation, 152 AD3d at 1018).
We find no merit in petitioner's related argument that DEC "reopened" the District's SPDES application by engaging in discussions and requesting information concerning its proposed diffusor project, as DEC is permitted to request additional information "[a]t any time," including after an application is deemed to be complete (6 NYCRR 621.14 [b]). Petitioner's further contention that DEC was required under 6 NYCRR 617.7 (f) (1) to rescind its 2018 completeness determination is unpreserved for our review, as it was not timely raised before Supreme Court (see State of New York v Konikov, 182 AD3d 750, 752 [3d Dept 2020], lv denied 36 NY3d 906 [2021]; Matter of Held v State of N.Y. Workers' Compensation Bd., 103 AD3d 1063, 1065 n [3d Dept 2013]). In any event, there is no basis to conclude that 6 NYCRR 617.7 (f) (1) would be applicable here, as the District failed to submit the documentation required for consideration of its proposed diffusor project.
Petitioner failed to preserve its challenge to DEC's effluent limits for ammonia, based upon application of the doctrine of equitable estoppel, as it did not raise such argument upon administrative review (see Matter of Stasack v New York State Dept. of Envtl. Conservation, 176 AD3d 1456, 1459-1460 [3d Dept 2019]; Matter of Washington v New York State Off. of Children & Family Servs., 55 AD3d 1117, 1118 [3d Dept 2008]). In any event, "[t]he doctrine of estoppel will be applied against governmental agencies only in exceptional cases in which there has been a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon" (Matter of Bano [Commissioner of Labor], 233 AD3d 1287, 1288 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Wustrau v Accord Fire Dist., 200 AD3d 1395, 1396-1397 [3d Dept 2021], lv denied 38 NY3d 912 [2022]), and the record does not support such a finding here.
Petitioner's challenge to 6 NYCRR 624.4 (c) (7), as allegedly running counter to the ECL, is similarly not properly before us. As Supreme Court found, the petition does not challenge the validity of the regulation (see Matter of Vaughan v New York State Dept. of Transp., 223 AD3d 1010, 1012 [3d Dept 2024], lv dismissed & denied 42 NY3d 945 [2024]; Matter of Serrano v Danforth, 221 AD3d 1148, 1149 [3d Dept 2023]). Petitioner's remaining arguments, to the extent properly before us, have been considered and found to be lacking in merit.
Garry, P.J., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs[*5].

Footnotes

Footnote 1: Petitioner brings this proceeding on behalf of the District, which acts as an administrative branch of petitioner.

Footnote 2: We note that DEC's authority to modify, suspend or revoke a SPDES permit requires, as is pertinent here, the submission of "newly discovered material information
. . . since the issuance of the existing permit" (6 NYCRR 621.13 [a] [4]; see also 6 NYCRR 750-1.18 [b] [1]-[7]).